## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

                *Plaintiff,*

    v.

JERICHO PETE CONINE,

                *Defendant.*

)
)
)
)
)
)
)
)
)

Case No. CR-17-21-D

### O R D E R

On May 7, 2020, the Court issued an Order denying Defendant Jericho Conine's Motion to Reduce Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. No. 41]. The Court, therein, considered the government's response in opposition [Doc. No. 43]. Pursuant to the Court's local rules, replies in criminal matters are "permitted only with leave of court and shall not reargue the points and authorities included in the opening brief." LCrR12.1(c). Defendant's reply was filed on May 8, 2020.

Even though Defendant failed to get leave of Court to file his reply, under the circumstances, the Court finds Defendant raises points important for the Court to address. Defendant essentially urges the Court to adopt a futility exception to the requirements of 18 U.S.C. § 3582(c)(1)(A). But the Court's conclusions in its previous Order hold true. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake,* 136 S. Ct. 1850, 1853, 195 L. Ed. 2d 117 (2016).

The Tenth Circuit has expressly declined to decide whether exhaustion requirements are jurisdictional. *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1258 n.10 (10th Cir. 2019), cert. denied, No. 19-909, 2020 WL 1124531 (U.S. Mar. 9, 2020).  But the Tenth Circuit has explicitly stated that "the PLRA does not enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Beals v. Jay*, 730 F. App'x 633, 637 (10th Cir. 2018).  Therefore, the Court adheres to its decision as stated in its previous Order [Doc. No. 44].

**IT IS SO ORDERED** this 13th day of May, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge